BERRY and Others *v.* BULLARD.—In error.

A PETITION for execution against a decedent's real estate, on a judgment for a certain sum against his administrator *de bonis non,* alleged that an execution, issued on the judgment, had been returned no goods of the estate; that said administrator had resigned and another had been appointed in his place; and that there were no assets in the last administrator's hands. *Held,* that the petition was not objectionable for not showing a revivor of the judgment against the last administrator, the issuing of an execution against him, and a return of the same of no goods in his hands.

*Held,* also, that the petition need not allege that the judgment was unpaid.., *Held,* also, that a judgment by default against some of the defendants, no process appearing to have been issued against them nor publication made, was erroneous. *Held,* also, that to justify notice to a defendant by publication, it should appear that he was a non-resident. *Held,* also, that a final judgment on default against an infant

May Term, 1847.

in this case, the record not showing the petition to have been proved, was erroneous. *Held*, also, that answers and cross-bills are not admissible in such case, this being a proceeding at law.

In this case, some of the terre-tenants set up as a defence, 1. A purchase of the real estate of the deceased from the heirs without notice; 2. That notice of the judgment was never filed in the office of the clerk of the Probate Court; 3. That one of the heirs, from whom these defendants purchased, had a judgment against the deceased himself, constituting a lien on the real estate in question prior to that of the plaintiff's. *Held*, that these grounds of defence were insufficient.